IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,408-02






EX PARTE DARREN LESHON HARRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 02-72607-Q IN THE 204TH DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly
weapon and sentenced to twenty-five years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Harris v. State, No. 05-03-00261-CR, (Tex. App.-Dallas, delivered October 18, 2004). 

 Applicant contends that his trial counsel rendered ineffective assistance by failing to obtain a second
opinion as to Applicant's competence, failing to object as to extraneous offense testimony, failing to
investigate and object to the enhancements, denying him his right to testify, and failing to enforce a
sentencing agreement. The trial court sent to this Court findings of fact and conclusions of law, then
recommended denying relief to Applicant. The trial court, in its findings, references an affidavit filed by trial
counsel in response to Applicant's claims. The trial attorney's affidavit was the basis of some of the
findings made by the trial court. This Court does not have a copy of such affidavit in the record forwarded
to this Court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall forward any affidavit filed by trial counsel in response to Applicant's claims. 
 The trial court shall also make any supplemental findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 27, 2008

Do not publish